UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIE EARL ETHRIDGE**<br>   **LA. DOC #461463**<br>**VS.** | **CIVIL ACTION NO. 3:15-cv-0486**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN MORGAN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Willie Earl Ethridge, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 26, 2015. Petitioner attacks his 2002 convictions for armed robbery and kidnapping and the concurrent sentences of 40 years imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On December 2, 2002, petitioner pled guilty to 2 counts of armed robbery and 1 count of attempted murder. On April 25, 2003, concurrent sentences totaling 40 years were imposed. Petitioner did not appeal. [Doc. 1, ¶1-3, 6; Doc. 1-2, p. 18] He apparently filed five unsuccessful applications for post-conviction relief in the Fourth Judicial District Court between April 25, 2003 (the day he was sentenced) and February 7, 2013 (the date he signed and thus filed his latest

application for post-conviction relief.) [Doc. 1-2, p. 18[1]]

On February 7, 2013, petitioner filed a pro se application for post-conviction relief in the District Court. He alleged that his trial attorney advised him sometime in October, 2002, that he had been offered two concurrent 15 year sentences in return for his plea to armed robbery and kidnapping; that his mother and grandmother encouraged him to accept the plea to avoid a life sentence; that he conveyed his acceptance to trial counsel in November 2002, but that on April 25, 2003, he was sentenced to concurrent sentences of 40 years. He further alleged that when he asked counsel about the 15 year agreement counsel admitted that "... he rejected it in hopes of getting a better deal and he was sorry."

Thereafter, petitioner argued five claims for relief – (1) The bills of information are fundamentally defective since they omitted the items taken, an essential element of armed robbery; (2) Defense counsel's rejection of the two 15 year concurrent sentences resulting in a maximum sentence of 40 years was ineffective under *Missouri v. Frye*, 132 S.Ct. 1399, 182 L.Ed.2d 379 (3/21/2012); (3) A fundamental miscarriage of justice has occurred since defendant Ethridge is actually innocent of all crimes he plead guilty to due to threats from defense counsel and the prosecutor of giving me a life sentence; (4) I have been subjected to ineffective counsel by having me plead guilty to attempted murder and the underlying felony of armed robbery in violation of federal and state double jeopardy clauses; and, (5) I have been denied the right to

---

[1] In its response to petitioner's latest application for post-conviction relief, the State alleged in its April 7, 2013, response, "Now ... comes the State of Louisiana who files its procedural objections to petitioner's fifth petition for post-conviction relief filed on or about March 15, 2013..." [Doc. 1-2, p. 18] Thereafter the State noted that petitioner filed applications for post-conviction relief on May 14, 2006, July 11, 2008, June 30, 2004, February 12, 2007, and May 24, 2012. [Doc. 1-2, pp. 32-33]

conflict free counsel on collateral review of my ineffective assistance of counsel claim in direct violation of *Martinez v. Ryan*, 132 S.Ct. 1309, 182 L.Ed.2d 272 (3/20/2012) which is retroactive to my offenses under La. C.Cr.P. art. 930.8(A)(2) which this application is filed within one year of. [Doc. 1-2, Exhibit A, pp. 1-3]

Attached to the application were (1) the affidavit of petitioner's grandmother dated March 4, 2013 which stated among other things that in April 2003 petitioner informed her "that he didn't get the deal his lawyer promise[d] him..."; (2) petitioner's affidavit dated February 7, 2013, wherein petitioner stated that "he never possessed a gun on or about the 16th day of January, 2002..." and that he was actually innocent of the charge; (3) petitioner's second affidavit dated February 7, 2002, also affirming his actual innocence; (4) the affidavit of Danny Hargrove dated February 2, 2013, affirming the actual innocence of him and petitioner. [Doc. 1-2, pp. 4-9]

On April 9, 2013, the District Attorney submitted procedural objections noting that petitioner's application was time-barred by the provisions of La. C.Cr.P. art. 930.8 and were repetitive and thus subject to dismissal pursuant to La. C.Cr.P. art. 930.4. [Doc. 1-2, Exhibit B, pp. 18-21]

On July 29, 2013, the District Court dismissed claims 2 and 5 as untimely and specifically rejected the exceptions to prescription argued by petitioner; the Court tentatively rejected the remaining claims as successive and repetitive but allowed petitioner the opportunity to explain why he failed to raise the claims in his prior applications. [Doc. 1-2, Exhibit C, pp. 22-25]

Sometime in August 2013, petitioner filed a response which in essence blamed deficiencies in the prison law library and inmate counsel system for his failure to raise his claims in prior applications. [Doc. 1-2, Exhibit D, pp. 26-28]

On January 8, 2014, the District Court rejected petitioner's excuses and dismissed Claims 1, 3 and 4 pursuant to La. C.Cr.P. art. 930.4. [Doc. 1-2, Exhibit H, pp. 39-40]

On February 7, 2014, petitioner filed a writ application in the Second Circuit Court of Appeal. [Doc. 1-3, pp. 11-18] On March 6, 2014, the Court of Appeal denied writs noting, "Applicant, Willie Earl Ethridge, seeks review of the trial court's denial of his claims seeking post-conviction relief. Ethridge's conviction and sentences were final in April 2003. The claims made in the March 2013 application were not timely filed and Ethridge fails to establish that any of the exceptions to the time limit are applicable. La. C.Cr.P. art. 930.8. Accordingly, the writ is denied." *State of Louisiana v. Willie Earl Ethridge*, No. 49,216-KH. [Doc. 1-3, p. 10]

On March 15, 2014, petitioner filed a writ application in the Louisiana Supreme Court. [Doc. 1-3, pp. 2-9] On January 23, 2015, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Willie Earl Ethridge v. State of Louisiana*, 2014-0588 (La. 1/23/2015), 159 So.3d 451.

Petitioner filed the instant petition on February 26, 2015. Petitioner now argues the following claims for relief:

"(1) The trial court denied petitioner meaningful access to prove his actual innocence of the crimes to which he stands convicted based upon ill-advised guilty pleas due to ineffective assistance of counsel;

(2) The trial court denied petitioner meaningful access to courts to prove his substantial ineffective assistance of counsel claim contrary to *Trevino v. Thaler*, 185 L.Ed. 2d 1044 ...;

(3) The trial court abused its discretion to hear these claims under LSA-C.Cr.P. art. 930.4 despite providing legal justifications for the omissions from the prior applications;

4

(4) Petitioner Ethridge may rely upon *Missouri v. Frye*, 566 U.S. — (3/20/2012) for sentencing relief which establishes a new factual context for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984) involving plea bargains pursuant to state and/or federal law;

(5) The principals of res judicata/collateral estoppel prevented the 2nd Circuit Court of Appeal's relitigation of the trial court's findings it had jurisdiction to hear and decide my constitutional claims under La. C.Cr.P. art. 930.4 whereas the State of Louisiana through the district attorney did not seek any timely writs from said findings;

(6) The bill of information does not set forth all essential elements to constitute the crimes of armed robbery to which I plead guilty to by omitting the essential elements of any taking;

(7) Defense counsel's rejection of a plea to armed robbery and kidnapping for two fifteen year concurrent sentences and dismissal of all other charges without my consent resulting in three forty year concurrent sentences constitutes ineffective assistance of counsel under *Missouri v. Frye*, 132 S.Ct. 1399, 182 L.Ed.2d 379 (3/21/2012) applicable to my case retroactively under La. C.Cr.P. art. 930.8(A)(1)(2);

(8) Defendant Ethridge is actually innocent of all crimes to which he pled guilty to out of fear of receiving the maximum sentences with them running consecutive to which I would die in prison to which defense counsel said he did not believe." [Doc. 1, pp. 8- 9]

## *Law and Analysis*

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As noted in the Advisory Committee Notes, " ... under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)." As is shown hereinafter, petitioner's claims are clearly frivolous and dismissal pursuant to Rule 4 is in order.

### *1. Claims 1-5 – Failure to State a Claim*

In Claims 1-5 petitioner argues errors committed by the Fourth Judicial District Court and the Second Circuit Court of Appeal with regard to their adjudication of his post-conviction claims. In other words, petitioner argues that he is entitled to federal habeas relief because of errors committed in the state post-conviction proceedings. However, "infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir.1992); *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003). Thus, Claims 1-5 are subject to dismissal for failing to state a claim for which relief may be granted.

### *2. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Further, even if all of petitioner's claims could be interpreted to raise valid post-conviction grounds, the petition should nevertheless be dismissed as time-barred. This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of

limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's judgment of conviction and sentence became final by the "... expiration of the time for seeking [direct review]" when the 30-day period for filing a motion for appeal codified at La. C.Cr.P. art. 914(B)lapsed following the imposition of sentence on April 25, 2003, or, on or about May 25, 2003. Petitioner thus had until May 25, 2004, within which to file a timely petition for writ of habeas corpus. It does not appear that petitioner can rely on the statutory tolling provisions of Section 2244(d)(2) because, according to the available evidence, petitioner did not file his first application for post-conviction relief in the Fourth Judicial District Court

---

[2] It appears that petitioner believes that limitations should be calculated as provided in Section 2244(d)(1)(C). That claim is discussed below.

until June 30, 2004 [Doc. 1-2, p. 33, ¶8] and by that time, the AEDPA limitations had already expired. In short, the instant petition is clearly time-barred if limitations is calculated as provided in Section 2244(d)(1)(A).

*2. Limitations – 28 U.S.C. § 2244(d)(1)(C)*

Petitioner claims that limitations should be reckoned as provided in Section 2244(d)(1)(C), the date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim he cites *Martinez v. Arizona*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012), *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911 (2013), *Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v Frye*, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). *Martinez* and *Trevino* recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. *Compare Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

He also argued, with respect to his ineffective assistance of trial counsel claim, that he is entitled to have limitations reckoned as provided in Section 2244(d)(1)(C), and, in support of this claim he argues that *Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and *Missouri v Frye*, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), announced a constitutional right newly recognized by the Supreme Court which was in turn made retroactively

applicable to cases on collateral review.

In *Lafler*, 182 L.Ed.2d 398 (2012) the Court held, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." 132 S.Ct. at 1387. *Lafler*, along with *Missouri v Frye*, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), which was decided on the same day, extended a criminal defendant's Sixth Amendment right to counsel to the plea negotiation stage and set the standards for how to analyze such claims in accordance with the landmark case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

However, the Fifth Circuit has already determined, albeit in a different context, that *Lafler* did not announce a new rule of constitutional law because it merely applied the Sixth Amendment's right to counsel to a specific context. *See In re: King*, 697 F.3d 1189 (5th Cir. 2012) (*per curiam*). Other courts have agreed with that assessment. *See United States v. Lawton,* 506 Fed. Appx. 722 (10th Cir. 2012), citing *King*, *supra*, as well as *Hare v. United States*, 688 F.3d 878–80 (7th Cir.2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re: Arras*, No. 12–2195, 2012 WL 7656637 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive § 2255 motion because *Lafler* did not establish a new rule of constitutional law); *In re: Perez*, 682 F.3d 930, 932–34 (11th Cir.2012); see also *United States v. King*, 4 F.Supp.3d 114, 2013 WL 6405423 (D.D.C. 2013) ("Because the holding in *Lafler* was dictated by Supreme Court precedent, it is not a new right..."); *United States v. Sheridan*, 561 Fed. Appx. 689, 2014 WL 1363971 (10th Cir. 2014) ("Sheridan claims that ... *Missouri v. Frye*,

–––U.S. –––, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, –––U.S. –––, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) – established a new constitutional right to effective assistance of counsel during plea bargaining. To be sure, that right is an important one, but it existed well before the Supreme Court reiterated its constitutional gravity in *Frye* and *Lafler* ... Because neither *Frye* nor *Lafler* establishes a newly recognized right in the first instance, we need not address whether the rules from those cases have been made retroactively applicable.); *Pagan-San Miguel v. United States*, 736 F.3d 44 (1st Cir. 2013) ("We agree with every other circuit to have considered the issue that neither *Frye* nor *Cooper* established a 'new rule of constitutional law.')

Further, even if *Lafler* or *Frye* were said to have announced a new right, petitioner has not, nor can he, point to any Fifth Circuit cases that hold that their holdings may be applied retroactively. In short, petitioner may not rely upon the provisions of Section 2244(d)(1)(C) to reckon the AEDPA limitations period in his case.

### 3. Actual Innocence

Petitioner also claims that he is entitled to have the merits of his habeas claims litigated notwithstanding limitations because he is actually innocent of the crimes he pled guilty to. In *McQuiggin v. Perkins*, ––– U.S. –––, 133 S.Ct. 1924 (2013), the Supreme Court held that a habeas petitioner can overcome limitations under the AEDPA by making a convincing showing of actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)). However, petitioner attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a

reasonable doubt." 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)).

A habeas petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006), citing *Schlup v. Delo*, 513 U.S. 298, 299, 324–29, 115 S.Ct. 851, 854, 865–868 (1995). However, "the habeas court's analysis is not limited to such evidence ." *Id.* Rather, "the habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under the rules of admissibility that would govern at trial." *Id.* at 538, 126 S.Ct. at 2077 (internal quotation marks and citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (quoting *Schlup*, at 329, 115 S.Ct. at 851. This standard "is demanding and permits review only in the 'extraordinary' case." *House, supra*, at 538, 126 S.Ct. at 2077.  With regard to practical application of the *Schlup* standard, (1) the petitioner "bears the burden of establishing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"; (2) "there is no presumption of innocence at a habeas proceeding" and the petitioner "comes before the habeas court with a strong – and in the vast majority of the cases conclusive – presumption of guilt"; and, (3) the *Schlup* standard "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would

have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir.2005). In other words, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329, 115 S.Ct. at 868.

Here, petitioner's offer of proof to establish his innocence is unquestionably deficient. In his first affidavit petitioner averred that he did not possess a gun on the date of the offense, that he did not rob the victim, that the only witness against him was his uncle "who lied ... to receive a favorable sentence." [Doc. 1-2, p. 6] In his second affidavit he claimed that Solomon Moore drove to the pool hall with a "white female inside" his car and asked petitioner and others to take a ride; that petitioner subsequently learned that the victim was robbed at gunpoint by Moore; that the victim pleaded for her release and petitioner and his companion "advised" Moore to let her go; that petitioner did not possess a gun, nor rob the victim, nor receive any of the proceeds of the robbery, that he did not aid or abet Moore to shoot the victim and leave her for dead; that he feared for his life because Moore was armed; and that he is "actually innocent." [Doc. 1-2, pp. 6-7] The affidavit of Danny Hargrove mirrored the petitioner's affidavit. [Doc. 1-2, p. 8]

This evidence is not "new reliable evidence"; it is not exculpatory scientific evidence, nor is it a trustworthy eyewitness account; nor is it critical physical evidence. Indeed, it is no more than self-serving testimony by the petitioner and another convict who was his co-defendant. Given the fact that petitioner pled guilty and therefore admitted under oath his complicity in the crimes of conviction, this evidence does not meet the standard.[3] In other words, this "new

---

[3] Petitioner has not provided a copy of the plea colloquy transcript; nevertheless, it must be presumed that prior to accepting the plea, the District Court determined a factual basis for the plea as required by law. Further, the appellate record of his co-defendant Solomon Moore, paints

evidence" is first and foremost not reliable. Further, this "new evidence" does not establish that no juror would convict petitioner on its basis. In other words, petitioner has not established that he is entitled to equitable tolling based upon his claim of actual innocence.

*4. Equitable Tolling*

Nor is petitioner entitled to equitable tolling for any other reason. The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by

---

a picture totally at odds with the affidavits of petitioner and Hargrove. See *State v. Moore*, 37,935 (La. App. 2 Cir. 1/28/2004), 865 So.2d 227.

timely filing his *habeas* claims. Finally, petitioner cannot seriously claim diligence with respect to his claims.

### *Conclusion and Recommendation*

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum**

**setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 11, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE